UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Vernon J. Huggins, Jr., ) | Civil No.: 4:06-856-RBH |
| ) | CR No.:   4:05-382 |
| v. ) | |
| ) | **ORDER** |
| United States of America ) | |
| _____) | |

This matter is before the court on petitioner Vernon J. Huggins' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

I.    BACKGROUND AND PROCEDURAL POSTURE

Petitioner was charged in the indictment with one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture containing a detectable amount of methamphetamine, both Schedule II controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), all in violation of 21 U.S.C. § 846. He entered a guilty plea on July 14, 2005 pursuant to a plea agreement. The court sentenced petitioner to 60 months imprisonment on October 26, 2005. No appeal was filed.[1]

Petitioner returns to this court by way of petition filed March 17, 2006, to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. By way of his initial petition and his supplemental brief in support of the petition filed on April 14, 2006, he contends that his

---

[1] In the Plea Agreement, the petitioner waived the right to a direct appeal of his conviction and sentence and also waived the right to file post-conviction relief actions, including proceedings under 28 U.S.C. § 2255. The waiver did not apply to claims of ineffective assistance of counsel. (*See* Plea Agreement, ¶ 14, attached to [8-2] Affidavit of Michael A. Meetze.

1

trial counsel, Michael Allen Meetze, denied him effective assistance of counsel. The government filed a response to the petition on April 19, 2006, together with a motion for summary judgment and affidavit of Mr. Meetze responding to the allegations of ineffective assistance of counsel. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court apprised petitioner of his right and obligation to respond to the motion for summary judgment. Petitioner filed a "response to affidavit of Michael A. Meetze" on May 24, 2006. On June 5, 2006, petitioner filed an "affidavit pursuant to 28 USC § 2246".

After studying the parties' positions as set out in their respective submissions, the court has determined that an evidentiary hearing is not necessary and that the § 2255 petition should be denied for the reasons set out in this order.

II.     GROUNDS FOR PETITION

In his petition and supplemental filings, petitioner contends his trial counsel denied him effective assistance of counsel on the following grounds:

   A.    Ground one: "Ineffective assistance of counsel. My counsel failed to advise me of the filing of a 'Downward Departure', due to severe family illness and disability."

   B.    Ground two: "Ineffective assistance of counsel. I am the sole care giver of my mother who is disabled and has cancer. Provided counsel had advised me–I would have advised the court and sought a downward departure from the sentence imposed."

   C.    Ground three: "Ineffective assistance of counsel. Counsel failed to fully apprize(sic) client [defendant] of actions that are predicate elements of the crime for which I was charged. I did not have full knowledge of what I was pleading guilty to."

2

III.   LEGAL STANDARD

It is well-settled that claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. To establish ineffective assistance of counsel, a defendant must demonstrate (1) that counsel failed to provide "reasonably effective assistance"[2], and (2) the allegedly deficient performance prejudiced the defense of the case. *Hill v. Lockhart*, 474 U.S. 52, 57-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to show prejudice, the petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687.

Construing petitioner's motion liberally, the court finds each of his substantive claims to be without merit.

IV.   DISCUSSION AND ANALYSIS

A.   Grounds One and Two: Failure to pursue a downward departure on the basis that petitioner was the sole caregiver of his mother who was ill from cancer.[3] After reviewing the record, the court concludes that trial counsel's performance in this regard cannot be considered constitutionally deficient. Defense counsel states in his affidavit that Huggins never told him

---

[2] In order to show deficient performance, the defendant must prove that the advice of counsel was not "within the range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56.

[3] Petitioner alleges in his supplemental brief that he raised the downward departure issue relating to the need for him to provide care for his mother at the sentencing hearing and that "the Court advised that the proper vehicle to entertain such a downward motion was via a § 2255." The Court has reviewed the transcript from the sentencing hearing and can find no support for such an allegation.

3

that he was his mother's sole caregiver. (Affidavit, p. 3). Huggins' mother spoke at the sentencing hearing and only begged the Court not to take him away from her since she did not have long to live. "Let me enjoy him for a little while longer." Petitioner's sister requested "leniency in sending him a long way off, if it's possible for us to keep him closer to home so she can continue to see him." (Transcript of Sentencing hearing, p.8). If the mother and family members needed petitioner to provide sole care, then the Court believes they would have so stated at the hearing, when given the opportunity to speak.[4]

In addition, even if the petitioner was in fact the sole caregiver for his mother who resided in Hartsville, in spite of the jobs he held in Florence with car dealerships, the Sentencing Guidelines provide that "in sentencing a defendant convicted of an offense other than an offense described in the following paragraph, family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." § 5H1.6. The Comments to the Guidelines indicate that the loss of care taking must "substantially exceed" the "harm ordinarily incident to incarceration" and the defendant's care taking must be "irreplaceable to the defendant's family." *See Elliott v. United States*, 332 F.3d 753, 768-769 (4th Cir. 2003) ("A downward departure for family responsibilities is permissible only where the court finds that the family responsibilities are 'extraordinary'. . . Generally, a sentencing court may depart downward on this basis only if it finds that the defendant is essentially 'irreplaceable'.")

The Fourth Circuit has construed downward departures based on family responsibilities

---

[4] Petitioner stated at the sentencing hearing that he had already been incarcerated at F.C.D.C. pending his sentencing, so he was obviously not caring for his mother at that time.

"very narrowly." *United States v. Bell*, 974 F.2d 537, 538 (4th Cir. 1992) (extended incarceration of family's sole wage earner not extraordinary); *United States v. Brand*, 907 F.2d 31, 33 (4th Cir. 1990) (separation of mother from children not extraordinary although she was sole custodial parent).

The petitioner contends that Mr. Meetze should have made an inquiry when he met the petitioner's mother in court and therefore somehow realized that he was his mother's alleged "<u>sole</u>" caregiver. This logic is inconsistent with the fact that other family members were present at the sentencing. In fact, petitioner has three other siblings, and yet, even all of them together, allegedly cannot assist satisfactorily with their mother either because of their own health problems or their job responsibilities. There is no indication that neither the mother nor other family members can financially afford to provide assistance through a private care nurse or some state remedial program. Instead, petitioner wants the Court to simply ignore the seriousness of his conduct and give him a free pass based on the health of his mother. Had the motion for downward departure been made on this basis, in light of the information submitted and the advisory guidelines and application notes thereunder and case law, it would have been denied. Even if raised, the motion would have been futile. Therefore, no prejudice occurred.

The Court finds that counsel's failure to develop facts to show petitioner was the sole caregiver for his mother was not constitutionally deficient, especially where downward departures on this basis are rarely granted and the petitioner did in fact receive a generous downward departure from the advisory guidelines for this very serious offense, based upon

5

cooperation with the government.

    D.    Ground Three: Advice Regarding Guilty Plea

As for the petitioner's claim that counsel failed to fully explain to him the crime to which he pleaded guilty, the record does not support his claim. The Plea Agreement set forth the elements of the crime, and the Court engaged in extensive colloquy with the petitioner in the hearing during which he entered his plea of guilty. In the hearing, the petitioner responded to questions by the Court and indicated that he was pleading guilty freely and voluntarily and that his attorney explained the charges against him, the possible punishment, and his constitutional rights. (Tr. Guilty Plea hearing, p. 18). Petitioner stated on the record that he had reviewed the indictment with his attorney. The Court reviewed the elements of the offense with the petitioner on the record. (Tr. p. 20.). Therefore, this claim is without merit and must be dismissed.

    V.    CONCLUSION

For the reasons contained herein, petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. The motion for summary judgment by the government is GRANTED.

**IT IS SO ORDERED**.

| | |
|---|---|
| June 20, 2007 | s/ R. Bryan Harwell |
| Florence, South Carolina | United States District Judge |